IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


C.D. BROOKS,                          )
                                      )
                 Plaintiff,           )
                                      )    CIVIL ACTION
v.                                    )
                                      )    No. 07-2044-CM-JTR
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
                 Defendant.           )
_____)


REPORT AND RECOMMENDATION


        Plaintiff seeks review of a final decision of the
Commissioner of Social Security (hereinafter Commissioner)
denying disability insurance benefits (DIB) and supplemental
security income (SSI) under sections 216(i), 223, 1602 and
1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i),
423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).  The matter
has been referred to this court for a report and recommendation.
The court recommends the Commissioner's decision be REVERSED and
the case be REMANDED pursuant to the fourth sentence of 42 U.S.C.
§ 405(g).

I.   Background

        Plaintiff applied for DIB and SSI in July 2002 alleging
disability beginning May 1, 2001.  (R. 51-53, 183-84, 256).  He

later amended his alleged onset date to Nov. 30, 2002, at which
time he was fifty-four and one-half years old.  (R. 456).  His
date last insured was Sept. 30, 2005.  (R. 256).

    After appropriate proceedings before the Commissioner,
plaintiff sought judicial review of the Commissioner's decision
before the district court for the District of Kansas.  (R. 256).
The case was referred to this Magistrate Judge who recommended
the Commissioner's decision be reversed and the case be remanded
in a decision dated Oct. 11, 2005.  (R. 285-300).  The district
court overruled the Commissioner's objection to the magistrate's
report, and remanded for further proceedings.  (R. 277-81)[1].  On
remand, a hearing was held before an Administrative Law Judge
(ALJ) on Oct. 11, 2006, and a decision on remand issued Oct. 27,
2006.  (R. 256-62).  In the decision on remand, the ALJ found
plaintiff's allegations of limiting symptoms "not entirely
credible" (R. 260), found that plaintiff can lift and/or carry
fifty pounds occasionally and twenty-five pounds frequently (R.
259), found that plaintiff is able to perform his past relevant
work as a materials handler or as an order filler as they were
actually performed or as usually performed in the national

---

[1]The district court's decision may be found at Brooks v.
Barnhart, Civ. A. No. 04-2526, 2006 WL 2535219 (D. Kan. Apr. 28,
2006).  However, the court will cite to the documents appearing
in the administrative record.

economy (R. 262), and concluded that, therefore, plaintiff is not disabled within the meaning of the Act.  (R. 262).

The Appeals Council did not assume jurisdiction and the decision on remand is the final decision of the Commissioner. Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004); 20 C.F.R. § 404.984.  Plaintiff now seeks judicial review.

## II.  Standard of Review

The standard for review of a final decision of the Commissioner is familiar to the parties and is, indeed, identical to that applied by the court in reviewing the earlier decision of the Commissioner.  (R. 287-90).  The court must determine whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

-3-

Plaintiff claims the Commissioner erred in failing to make specific findings regarding the physical and mental demands of plaintiff's past relevant work as required by the district court's remand order. (Pl. Br. 3). Specifically, plaintiff claims:

> In the instant case the ALJ made no inquiry into, or finding specifying the mental demands of Brooks' past relevant work. A review of the ALJ's decision in Brooks' case does not indicate anywhere that he even considered any of the functional demands of Brooks' past relevant work. Thus, his conclusion that Brooks could return to his past relevant work is invalid.

(Pl. Br. 17). Plaintiff claims, therefore, because he is fifty-five or older, limited to light work, and unable to perform his past relevant work, he is disabled by application of the Medical Vocational Guidelines (hereinafter the grids). (Pl. Br. 18).

The Commissioner argues that plaintiff's "argument is misguided as it refers to the previous ALJ decision," and the argument should be rejected by the court "as it raises no issue regarding the ALJ decision at issue in this claim." (Comm'r Br. 8). Further, the Commissioner argues that the ALJ properly relied upon the testimony of the vocational expert that an individual of plaintiff's age, education, experience, and residual functional capacity (RFC) would be able to perform the past relevant work identified. Id. Finally, the Commissioner argues that even if plaintiff is found unable to perform his past relevant work, he is not disabled by operation of the grids

because the ALJ found plaintiff is able to perform a range of
medium level work.  Id. at 9.

**III.  Analysis**

       The Commissioner is correct that plaintiff cited to the
previous ALJ decision in his Social Security Brief.  Plaintiff
stated:  "In the instant case, the ALJ found at step four of the
Commissioner's sequential process that Brooks could return to his
past relevant work as 'a general laborer.'" (Pl. Br. 15)(quoting
(R. 20).  As the Commissioner's argument implies, the decision
which plaintiff quotes is the first ALJ decision--issued before
plaintiff filed his petition seeking judicial review in 2004.
(R. 14-21).  The decision at issue in this case is dated Oct. 27,
2006, and is in the record at pages 256-62.  However, plaintiff
alleged that the Commissioner failed to comply with this court's
recommendation (and by implication with the remand order).  (Pl.
Br. 3).  Subsequently, plaintiff noted the court's finding in the
earlier case that the Commissioner had not made any findings
concerning the mental and physical demands of plaintiff's past
work.  (Pl. Br., 17)(quoting this court's Report and
Recommendation at 298).  Plaintiff concluded his argument
regarding the Commissioner's findings at phase two of the step
four analysis:

            In the instant case the ALJ made no inquiry into, or
            any finding specifying the mental demands of Brooks'
            past relevant work.  A review of the ALJ's decision in
            Brooks' case does not indicate anywhere that he even

                              -5-

considered any of the functional demands of Brooks'
past relevant work.  Thus, his conclusion that Brooks
could return to his past relevant work is invalid.  The
ALJ's conclusion in this regard is invalid because he
failed to employ the correct legal standard in
assessing the functional demands of Brooks' past
relevant work.  Therefore his conclusion that Brooks
could perform his past relevant work must be reversed
as a matter of law.

(Pl. Br. 17).  Thus, although plaintiff cited to the first ALJ

decision in his brief, his brief makes clear that he is claiming

the ALJ did not follow the correct legal standard in his

evaluation of phase two at step four in the Commissioner's final

decision.  Plaintiff is claiming the error in the decision on

remand is identical to the error the court found in its review of

the first decision of the Commissioner.  The court agrees.

In its Report and Recommendation reviewing the

Commissioner's first decision, this court stated:

plaintiff also claims that the ALJ failed to make
findings specifying the mental demands of his past
relevant work.  The Commissioner argues that the work
history report, plaintiff's testimony and the testimony
of the vocational expert "provided ample evidence from
which the ALJ was able to determine the requirements of
Plaintiff's past work." (Comm'r Br., 5-6).  The court
agrees with the Commissioner that the evidence
considered was sufficient for the ALJ to determine the
requirements of the past relevant work.  The problem is
that the ALJ did not make any specific findings
regarding those requirements.  He had ample evidence to
determine the demands of past work, but he did not
determine those demands.  SSR 82-62 requires a
"specific finding of fact" "as to the physical and
mental demands of the past job/occupation."

The problem is perhaps best illustrated by considering
the ambiguity created when comparing plaintiff's
testimony regarding the physical demands of his work as

-6-

a laborer with the ALJ's hypothetical question and the
vocational expert's testimony in response to that
hypothetical.  Plaintiff testified that he lifted and
carried, "About 60, 65 pounds" in his work as a
laborer.  (R. 215).  In the first hypothetical to the
vocational expert, the ALJ referred to the agency
physician's RFC assessment at Exhibit 7F (R. 152-60)
which reports that plaintiff can occasionally lift
fifty pounds and frequently lift twenty-five pounds.
(R. 237)("I believe it's medium work").  With that RFC,
the ALJ asked the vocational expert if plaintiff would
be able to do any of his former work.  Id.  The
vocational expert replied that plaintiff would be able
to do his job as a laborer.  Id.

From these facts, it is clear plaintiff testified that
his past relevant work as a laborer required lifting
sixty to sixty-five pounds, at least occasionally.  It
is almost as clear that the vocational expert believes
such work requires occasionally lifting and carrying a
maximum of fifty pounds.
The ALJ found that plaintiff's testimony is not
credible and that plaintiff has the RFC to lift and
carry fifty pounds occasionally.  (R. 20).  One might,
perhaps, assume that the ALJ found that plaintiff's
past work as a laborer required only lifting and
carrying a maximum of fifty pounds.  But, the ALJ did
not make that finding and did not even discuss the
discrepancy between plaintiff's testimony and the
expert's testimony.  One might, alternatively, assume
that the ALJ found that work as a laborer as it is
normally done in the economy requires only lifting and
carrying fifty pounds occasionally.  Again, the ALJ did
not make that finding, did not ask the vocational
expert about the difference between plaintiff's
testimony and the implication of the expert's
testimony, and did not overtly recognize the ambiguity.
The court may not supply a post hoc rationalization for
the ALJ's decision and may not decide the case upon a
basis other than that relied upon by the ALJ.  Remand
is necessary, therefore, for the Commissioner to make
specific findings regarding the physical and mental
demands of plaintiff's past relevant work as a laborer.

(R. 297-300)(citations omitted).  In adopting this court's Report
and Recommendation, the District Court discussed the
Commissioner's error in the first decision:

> the issue here is not whether the ALJ was entitled to
> rely on the vocational expert's testimony.  Rather, the
> issue is whether the ALJ adequately explained how and
> why he decided what the requirements of plaintiff's
> past relevant work were.  He simply stated that he
> found the vocational expert's testimony to be
> persuasive and that he was adopting it.  The vocational
> expert, however, did not discuss whether plaintiff's
> particular job as a laborer required lifting a maximum
> of fifty pounds, or whether a laborer position in the
> general economy had the fifty-pound lifting limit.  And
> the ALJ did not reference the lifting or carrying
> requirements at all.  Defendant even concedes that "the
> ALJ may have expressed his reasoning in a more precise
> manner. . . ."  As the magistrate judge observed,
> "[t]he court may not supply a post hoc rationalization
> for the ALJ's decision and may not decide the case upon
> a basis other than that relied upon by the ALJ."
> Report and Recommendation (Doc. 16), at 15-16 (citing
> Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir.
> 2005)).  The court cannot engage in a meaningful review
> of the ALJ's decision if the ALJ does not adequately
> explain his reasons for reaching the decision.  See
> Brown v. Comm'r of the Soc. Sec. Adm'n, 245 F. Supp. 2d
> 1175, 1187 (D. Kan. 2003).  For these reasons, the
> court finds that the magistrate judge properly
> concluded that the case should be reversed and
> remanded.

(R. 279-80).

In the decision on remand, the Commissioner did not make his
analysis or rationale any more clear than it was in the first
decision.  At the hearing on remand, neither plaintiff's counsel
nor the ALJ asked plaintiff questions regarding the physical or
mental demands of his past work.  However, as quoted above,
plaintiff testified at the first hearing that he had at least

occasionally lifted sixty to sixty-five pounds in his past work.
(R. 215).  In his work history report, plaintiff reported that he
lifted "100 lbs. or more" in his job as a forklift driver (R.
79), "75 lbs." at another job (R. 80), and "90 lbs." at another
job.  (R. 81).

The ALJ questioned the vocational expert regarding
plaintiff's past work.  The expert testified that plaintiff had
past work as a forklift operator, materials handler, and order
filler.  She mentioned other jobs plaintiff has performed:  "He's
done a variety of labor and assembly-type jobs on a temporary
basis.  I think they would fall under the materials handler or
the order filler positions."  (R. 449).  In response to
hypothetical questioning, the expert eliminated work as a
forklift operator from the work plaintiff could do.  (R. 450-51).
The ALJ then asked the expert whether a person who had the RFC
limitations assessed for plaintiff would be able to perform jobs
"where on very rare occasions something more than 50 pounds would
need to be moved, would that eliminate the first hypothetical
with respect to this person, if in fact, they are limited to no
more than 50 pounds occasionally?"  (R. 451-52).  The expert
responded that if such a person were required to lift more than
fifty pounds, "then he would not be able to perform that job."
(R. 452).  The expert added to her response:

    A    Occasionally, one could ask for assistance in
         lifting.  And a lot of times, they don't know how

-9-

much the box is.  They're just moving things.  So
--

Q     And so, if a person would be required at some
point in time to maybe on very rare occasions to
lift say 60 or 65 pounds, would that eliminate
this person and the first hypothetical?  Do you
understand what I'm saying?

A     If an individual had to stay strictly at 50 pounds
--

Q     What I'm saying is that under my hypothetical as I
present it to you, they can occasionally lift 50
pounds --

A     Um-hum.

Q     -- as much as 50 pounds.  But, on rare occasions,
if the need be and if, for example, they had
assistance or some other means to --

A     Um-hum.

Q     -- lift heavier again on very rare occasions,
would that totally eliminate that hypothetical?

A     I don't believe so.  I think there are equal
number of positions in materials handling that
don't require someone to lift 50 pounds.  Maybe
their maximum would be 40 pounds.  I don't think
it would eliminate all positions in material
handling.

(R. 452-53).

        The ALJ found that plaintiff has the RFC "to lift and/or

carry 50 pounds occasionally and 25 pounds frequently," and he

found that plaintiff is capable of performing work as a materials

handler and as an order filler "as actually performed or as

performed in the national economy."  However, the record reveals

that plaintiff's past relevant work as he actually performed it

-10-

required lifting as much as ninety pounds.  (R. 80, 81, 215).
The ALJ's questioning of the vocational expert reveals that he
was aware of the ambiguity regarding the requirements of
plaintiff's past relevant work which was created by plaintiff's
testimony at the first hearing.  <u>Compare</u>, (R. 452)("if a person
would be required . . . on very rare occasions to lift say 60 to
65 pounds); <u>with</u> (R. 215)("How much did you lift and carry?
About 60, 65 pounds.").  However, just like the prior ALJ, he did
not resolve the ambiguity or make specific findings which reveal
there is no ambiguity.

Once again, although the ALJ found plaintiff's allegations
are "not entirely credible" (R. 260), he did not find that
plaintiff's past relevant work did not require lifting and/or
carrying more than fifty pounds.  He did not find that
plaintiff's past relevant work as he actually performed it would
require lifting more than fifty pounds only on rare occasions.
He did not find that plaintiff would be able to lift more than
fifty pounds on rare occasions.  He did not find that plaintiff's
past relevant work as he actually performed it would allow
assistance or some other means to lift weights in excess of fifty
pounds on rare occasions.  He did not find that plaintiff is able
to perform his past relevant work as it is usually performed in
the economy even though he is unable to perform that work as he
actually performed it.  Therefore, the ALJ's finding that

plaintiff is able to perform his past relevant work is not supported by substantial evidence in the record as a whole.

In both the prior Recommendation and Report and the remand order, the court explained the error in the first ALJ's decision. In the Report and Recommendation, the court explained the ambiguity presented, explained why the court could not assume away the ambiguity, and directed the Commissioner to "make specific findings regarding the physical and mental demands of plaintiff's past relevant work." The Commissioner did not do as directed. The findings which must be made may not be made by this court in the first instance. As explained in both the prior Report and Recommendation and the remand order, "[t]he court may not supply a post hoc rationalization for the ALJ's decision and may not decide the case upon a basis other than that relied upon by the ALJ." (R. 280, 299-300)(citing Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005)). Once again, remand is necessary for the Commissioner to resolve the ambiguities, make specific findings regarding the physical and mental demands of plaintiff's past relevant work, and properly determine whether plaintiff is able to perform his past relevant work either as he actually performed it or as it is usually performed in the economy.

Plaintiff first filed his applications in July 2002, over five years ago (R. 51-53, 183-84). This is the second time the

court has remanded this case for the same error.  The Commissioner is reminded that he is not entitled to adjudicate a case <u>ad</u> <u>infinitum</u> until he correctly applies the proper legal standard and gathers evidence to support his conclusion.  <u>Sisco v. Dep't of Health & Human Serv.</u>, 10 F.3d 739, 746 (10th Cir. 1993).

In his final argument, plaintiff claims that the case must be remanded for an immediate award of benefits because the record overwhelming supports a disability finding in that plaintiff is over fifty-five years old, is limited to light work, and is unable to perform his past relevant work.  The court does not agree.  Although the Commissioner has twice failed to apply the correct legal standard to his step four analysis, the record does not unequivocally establish that plaintiff is unable to perform his past relevant work.  Moreover, plaintiff presents no evidence in support of his argument that he is limited to light exertional level work.  The ALJ found plaintiff is limited to lifting and/or carrying fifty pounds occasionally and twenty-five pounds frequently.  Such limitations are equivalent to a range of medium work, not light work.  20 C.F.R. §§ 404.1567, 416.967.  Plaintiff presents no evidence which requires a different conclusion.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED and the case be REMANDED for further proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g).

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 6th day of December 2007, at Wichita, Kansas.


                         s/John Thomas Reid
                         **JOHN THOMAS REID**
                         **United States Magistrate Judge**