## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **C.D. BROOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 07-2044-CM** |
| **MICHAEL J. ASTRUE** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This social security appeal is before the court on the magistrate judge's Report and Recommendation to reverse and remand the Commissioner's denial of benefits. Defendant timely objected to the Report and Recommendation. The facts and law are accurately set forth in the Report and Recommendation, and the court will not repeat them here. In reviewing a magistrate judge's Report and Recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In the court's review, the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). The court has reviewed the record in accordance with this standard, and finds that defendant's objection should be overruled. The magistrate judge's Report and Recommendation is adopted in its entirety, and the matter reversed and remanded.

Defendant's objections are limited to the magistrate judge's recommendation regarding the Administrative Law Judge's ("ALJ") decision determining that plaintiff could perform his past relevant work. This case was previously remanded to the Commissioner for further proceedings in

Case No. 04-2526.  In that case, the court remanded this very issue to the Commissioner, finding that the ALJ did not adequately explain his reasoning.  As explained in the magistrate judge's Report and Recommendation in that case, remand was necessary "for the Commissioner to make specific findings regarding the physical and mental demands of plaintiff's past relevant work as a laborer." (R. 300.)

Upon rehearing, the ALJ again concluded that plaintiff is not disabled within the meaning of the Social Security Act.  But the ALJ failed to make specific findings regarding the physical and mental demands of plaintiff's past relevant work as a laborer.  Among other physical limitations, the ALJ found that plaintiff "had the residual functional capacity to lift and/or carry 50 pounds occasionally and 25 pounds frequently."  (R. 259.)  Based on that finding and the vocational expert's testimony, the ALJ found plaintiff could perform his past relevant work.  The ALJ compared plaintiff's residual functional capacity with the physical and mental demands of his past relevant work and found that plaintiff "is able to perform it as actually performed or as performed in the national economy."  (R. 262.)  But the ALJ did not ask plaintiff about the physical or mental demands of his past relevant work.  And plaintiff's previous testimony reveals that he lifted more than 50 pounds in his prior work.  (R. 215.)  As the magistrate judge explains in his Report and Recommendation, the ALJ did not resolve the ambiguity regarding plaintiff's ability to perform his past relevant work:

> Once again, although the ALJ found plaintiff's allegations are "not entirely credible" (R. 260), he did not find that plaintiff's past relevant work did not require lifting and/or carrying more than fifty pounds.  He did not find that plaintiff's past relevant work as he actually performed it would require lifting more than fifty pounds only on rare occasions.  He did not find that plaintiff would be able to lift more than fifty pounds on rare occasions.  He did not find that plaintiff's past relevant work as he actually performed it would allow assistance or some other means to lift weights in excess of fifty pounds on rare

occasions.  He did not find that plaintiff is able to perform his past relevant work as it is usually performed in the economy even though he is unable to perform that work as he actually performed it.

As this court explained in the first remand order, the court cannot supply a rationalization for the ALJ's decision *post hoc* and cannot decide the case upon a basis other than that relied on by the ALJ.  Thus, the court cannot engage in a meaningful review of the ALJ's decision if the ALJ does not adequately explain his reasoning.  *See Brown v. Comm'r of Soc. Sec. Admin.*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003).  For the above-mentioned reasons, and in accordance with the magistrate judge's Report and Recommendation, the court reverses the Commissioner's decision and remands the case pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS THEREFORE ORDERED** that Defendant's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 15) is overruled.

Dated this 27th day of March 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

-3-